a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ABDUL SALAM ZURLKAL LIENIY #A203-602-096, Petitioner | CIVIL DOCKET NO. 1:24-CV-01802 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| U S IMMIGRATION & CUSTOMS ENFORCEMENT ET AL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Abdul Salam Zurlkal Lieniy ("Lieniy"). Lieniy is an immigration detainee at the Winn Correctional Central in Winnfield, Louisiana. He challenges the legality of his continued detention.

To determine whether Lieniy may be entitled to relief, the Petition will be SERVED.

I. Background

Lieniy is a native and citizen of Ghana. He alleges that he was ordered removed on April 29, 2024. ECF No. 1 at 2. Lieniy argues that he should be released under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because the Government has not yet secured travel documents for his removal.

In an Amended Petition, Lieniy specifically alleges that Officer Woodruff informed him that both Ghana and Nigeria, the alternative country of removal, have

1

denied the issuance of travel documents. ECF No. 9 at 1-2. Therefore, there is no likelihood of removal in the reasonably foreseeable future.

## II. Service of Process

THE CLERK IS DIRECTED to serve a summons, a copy of the Petition and Amendment (ECF Nos. 1, 9), and a copy of this Order, by certified mail, on the United States through the United States Attorney for the Western District of Louisiana, the United States Attorney General, DHS/ICE through its Office of General Counsel, and the Warden of Winn Correctional Center.

IT IS ORDERED that Respondents answer the Petition within **60 days** following the date of service. In the response, Respondents must address Lieniy's claim that both Ghana and Nigeria have denied travel documents. ECF No. 9. They must also provide the Court with summary judgment evidence indicating whether Petitioner's order of removal is final, whether there is a significant likelihood of removal in the reasonably foreseeable future, and whether Petitioner's detention is otherwise lawful. This evidence shall include information regarding the length of time that he has been in custody, the date on which his removal order became final, any administrative decisions relating to Petitioner's request for bond, and all documents relevant to the efforts made by the immigration officials to obtain travel documents for Petitioner.

IT IS FURTHER ORDERED that Petitioner shall have 30 days following the filing of Respondents' answer to produce contradictory summary judgment evidence on the issue of the lawfulness of his detention.

After the record is complete and all delays have run, the Court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

SIGNED on Friday, March 14, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE